## Log Cabin Rod and Gun Club License

*L. E. Mayer*, for appellant.

*Horace A. Siegelbaum*, for Pennsylvania Liquor Control Board.

EHRGOOD, P. J., November 10, 1948.—Appellant has appealed to this court from an order dated May 19, 1948, of the Pennsylvania Liquor Control Board (hereinafter called the board), refusing to grant appellant's application for a club liquor license for its premises located at R. F. D. No. 1, Jonestown, Swatara Township, Lebanon County, Pa.

The board bases its refusal to grant said license for the following reasons:

"1. The Act of June 24, 1939, P. L. 806, provides for a quota of two retail licenses for the sale of liquor and malt beverages in Swatara Township, Lebanon

County, and there are at the present time two such licenses in effect which are of the type counted against the said quota. Accordingly, the quota of retail licenses for the said municipality is filled.

"2. It appears that the operation of the licensed business will inure to the benefit of Henry Denton, alias Harris, who is the treasurer, director and steward of the club, rather than to the benefit of the entire membership".

Whereupon, the board made its order refusing to grant said license.

The first reason assigned by the board for its refusal to grant said license raises a legal question whether a club liquor license may be issued by the board for premises situate in a municipality wherein the number of retail licenses, calculated in accordance with the provisions of the Quota Law, exceeds the limitation prescribed by said law.

This court has heretofore disposed of this legal question adversely to the action of the board. Wherefore, we are of the opinion that the first reason urged by the board for the refusal to grant this license is without merit.

The second reason assigned by the board for the refusal to grant said license is based upon an alleged discretion in the board in the issuance of such licenses, in that the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as amended (47 PS §744-403), provides as follows:

"Upon receipt of the application, the proper fees, and bond, and upon being satisfied of the truth of the statements in the application that the applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed, and that no other person will be in any manner pecuniarily interested therein during the continuance of the license, except as hereinafter permitted, and that the applicant is a

person of good repute, that the premises applied for meet all the requirements of this act and the regulations of the Board, and the applicant seeks a license for a hotel, restaurant or club as defined in this act, the board shall, in the case of a hotel or restaurant, grant and issue to the applicant a liquor license, *and in the case of a club, may, in its discretion, issue a license.*" (Italics supplied.)

The board contends, under the circumstances relating to this application, that its refusal to issue a club liquor license to this appellant was a reasonable exercise of its discretion.

While the above-cited section of the Pennsylvania Liquor Control Act, in the case of a club, as distinguished from a hotel or restaurant, grants to the board a discretion in determining whether or not to grant a club liquor license, the discretion must not be exercised arbitrarily, but must be exercised reasonably under the facts and circumstances of each particular case. The question for our determination is whether or not, in the instant application there is a reasonable exercise of discretion by the board in the refusal of appellant's application. If the discretion was reasonably exercised, under the facts and circumstances, the board's action should be sustained.

A hearing de novo was held before this court, at which time testimony was submitted on behalf of appellant and the board. At said hearing the facts established by the preponderance of the credible evidence, and upon which the board exercised its discretion, are as follows: Appellant's club house is a one and a half story log building. The first floor is approximately 24 by 45 feet containing various tables, chairs and a 20-foot counter equipped with a beer pump and a small back bar with various other equipment. The basement is the same size as the first floor and contains

tables, chairs and a 10-foot service bar. The license application covers the aforementioned first floor and basement. The record title for the premises is in the name of Henry and Gertrude Harris; the former, at the time of the investigation by officers of the board, was the steward, director and treasurer of the club, and the latter was the stewardess; a written lease between Mr. and Mrs. Harris and appellant club was offered in evidence, which, inter alia, provides that the club is to pay $50 per month rent for the first floor and basement, and in addition thereto, furnish heat, light, hot and cold water, together with the equipment of the premises as set forth in Schedule "A" attached to said lease. Mr. Harris, as steward, is to receive a weekly salary of $25 and Mrs. Harris, as stewardess, is also to receive a weekly salary in the same amount. They are the only salaried employes and they operate on the first floor covered by the lease a store and lunch room selling to the general public and club members, tobacco, confectionery, soft drinks and sandwiches.

The primary interest of the club, as set forth in its charter, is hunting and fishing and to "promote the interest in firearms and shooting of the same; to lawfully secure and use arms and ammunition for practice; to provide and maintain a suitable lodge and grounds for the members thereof; to co-operate with all lawfully constituted organizations for the promotion of the propagation of wild game; for the support of benevolent and charitable institutions and undertakings; for general social enjoyments; and to afford relief to such of its members as may be suffering from sickness or distress; and to give assistance toward the burial of any of the members thereof; and for the furtherance of the general welfare of the members thereof".

The only evidence of the use of firearms has been a regular block shoot for turkeys; that is, a shoot for prizes.

The financial records show that in November 18, 1947, the club had a balance in the checking account in the Jonestown Bank of $123.35, and on December 8, 1947, the balance had been reduced to $21.15. On December 9, 1947, the trustees of the club executed a $1,000 90-day note in favor of Henry Harris on which date there was a balance of $1,021.15. On January 19th the account had been reduced to $19.05, by reason of various payments including $250 back wages to Mr. and Mrs. Harris, plus $50 in payment of their wages to the then date; also payments for coal and $150 for a beer dispensing unit, and a payment of $105 for candy to the R. R. George Company. .

Mr. and Mrs. Harris had been operating a small restaurant on the premises and resided in the two rooms at the rear of the building which are reserved in the aforementioned lease for their use free of charge. It also appeared from the testimony that Mr. and Mrs. Harris buy the food for the club, and they are entitled to have their meals without charge, in addition to receiving a joint salary of $200 per month as steward and stewardess, $50 for rent, and also their living quarters with light, heat and water free of charge.

Under the facts, and the law applicable thereto, this court is of the opinion that the board's refusal to grant a club liquor license to appellant was a reasonable exercise of its discretion in the consideration of this application. Wherefore, we make the following

*Order*

And now, to wit, November 10, 1948, the appeal of the Log Cabin Rod and Gun Club is dismissed and the order of the Pennsylvania Liquor Control Board refusing a club license to said club is hereby sustained; costs to be paid by appellant.